UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>ROBERTO MORENO HERNANDEZ,<br><br>          Defendant. | Case No.: 12-cr-4559-GPC<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE UNDER USSG § 1B1.10 AND AMENDMENT 782 (2014)**<br><br>[ECF No. 34] |

## I. INTRODUCTION

On May 31, 2013, Roberto Moreno Hernandez ("Defendant") was sentenced to a custodial term of 46 months for a conviction of importation of heroin and methamphetamine. (ECF No. 32.) Defendant originally received a fast-track downward departure under USSG § 5K3.1. In 2014, the United States Sentencing Commission promulgated Amendment 782 ("Drugs Minus 2"), which, effective November 1, 2014, lowered the base offense levels for most drug quantities in USSG § 2D1.1(c), and made this change retroactive via Amendment 788. *See also* USSG § 1B1.10(c).

On May 13, 2015, Defendant filed a Motion for Reduction of Sentence under 18 U.S.C. § 3582(c). (ECF No. 34.) The Government did not file a response.

Finding that Defendant's current sentence is below the low-end of the amended guideline range, the Court **DENIES** Defendant's Motion for Reduction of Sentence.

## II.  DISCUSSION

**A. Modification of Sentence Under 18 U.S.C. § 3582(c)**

Generally, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  An exception to that rule lies "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id*.  When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision.  Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission. *Id.*

Amendment 782 to the United States Sentencing Guidelines, effective November 1, 2014, lowered the penalties for most drug offenses by reducing the offense level in the § 2D1.1 Drug Quantity Table by two levels.  In Amendment 788, the Sentencing Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates.

In *Dillon v. United States*, 560 U.S. 817, 826-27 (2010), the Supreme Court set forth a two-step inquiry for assessing a motion for reduction of sentence under § 3582(c). *Id.*

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."
>                *   *   *   *   *   *   *   *
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

**B. Determination of Amended Guideline Range**

Under § 1B1.10, a defendant is eligible for a sentencing modification when an amendment listed in § 1B1.10(d) lowers "the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." USSG § 1B1.10 n.1(A). Section 1B1.10(b)(2) confines the extent of the reduction authorized. Once the Court determines the amended guideline range, it "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." *Id.* § 1B1.10(b)(2)(A). The only exception to this prohibition applies if the defendant previously received a downward departure "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." In that case, the Court may apply "a reduction comparably less than the amended guideline range." *Id.* § 1B1.10(b)(2)(B).

As Amendment 782 is listed in § 1B1.10(d), the Court must determine the "amended guideline range" that would have been applicable to the defendant had Amendment 782 been in effect at the time of the sentence. USSG § 1B1.10(b)(1). Defendant has calculated his "amended guideline range" by including a reduction for the fast-track. Defendant argues this is the proper procedure because such a reduction comports with the plain language of the Guidelines and the intent of Congress, and avoids absurd results. In the alternative, he asserts that § 5K3.1 motions should be included within § 1B1.10(b)(2)(B)'s exception because "fast track is precisely a form of 'substantial assistance' rendering analogous, institutional benefits."

The Court finds that Defendant's position is irreconcilable with the applicable Sentencing Commission comments. Note 1(A) to § 1B1.10 specifically states that the amended guideline range "is determined before consideration of any departure provision in the Guidelines Manual or any variance." § 1B1.10 n.1(A) (emphasis added). A commentary provision—such as Application Note 1, "which functions to interpret a guideline or explain how it is to be applied"—is binding as long as the Commentary does

not conflict with the Constitution, a federal statute, or the guideline at issue. *Stinson v. United States*, 508 U.S. 36, 42-43 (1993) (internal quotation marks and alterations omitted). Thus, the Court may not factor in a "fast-track" or any other departure into the amended guideline range unless an exception exists.

The exception to this rule is found in § 1B1.10(b)(2)(B). Under § 1B1.10(b)(2)(B), reductions "comparably less than the amended guideline range" are permitted only in cases where the original term of imprisonment was below the applicable guideline range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." *Id.* § 1B1.10(b)(2)(B). Every circuit court that has addressed the issue agrees that § 1B1.10(b)(2)(B) bars a district court from lowering a defendant's below-guideline sentence unless the departure at his original sentencing was based on his substantial assistance to the government. *See United States v. Berberena*, 694 F.3d 514, 518-19 (3d Cir. 2012); *United States v. Anderson*, 686 F.3d 585, 588 (8th Cir. 2012); *United States v. Glover*, 686 F.3d 1203, 1207 (11th Cir. 2012); *accord United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013); *United States v. Lizalde*, 502 Fed. Appx. 655, 657 (9th Cir. 2012) (unpublished); *United States v. Beserra*, 466 Fed. Appx. 548, 550 (7th Cir. 2012) (unpublished).

A § 5K3.1 "fast-track" motion is not a motion for substantial assistance. Unlike a substantial assistance motion, it is limited to four levels and must be made pursuant to an early disposition program authorized by the Attorney General and the United States Attorney for the district in which the court resides. Unlike § 5K1.1, it does not require "substantial assistance in the investigation or prosecution of another person." In addition, Note 3 to § 1B1.10 omits a § 5K3.1 motion as one for substantial assistance. Note 3 specifically provides that "[t]he provisions authorizing such a government motion are § 5K1.1; (2) 18 U.S.C. § 3553(e); and (3) Fed R. Crim. P. 35(b)." *Id.* n.3.

Ultimately, the Commission decided to impose a "single limitation applicable to both departures and variances" in order to "avoid unwarranted sentencing disparities" and "undue complexity and litigation." *Hogan*, 722 F.3d at 61. This decision limits the number

4

of defendants who will be able to obtain relief under § 3582(c)(2) in light of the guideline amendments. The First Circuit has commented that it is "troubled by the extent to which the amended policy statement and Application Notes severely limit the number of defendants . . . who will be able to obtain relief" but recognized that "in these instances the district court's hands [are] tied." *Id.* at 63.

The present case involved the importation of approximately 3.25 kilograms of heroin and 7.48 kilograms of a mixture of methamphetamine. Under the guidelines in effect at the time of sentencing, the base offense level was level 38. The Court reduced the guidelines by 15 levels: 4 levels based upon mitigating role (§ 2D1.1(a)(5)); 2 levels for minor role (§ 3B1.2(b)); 2 levels under the safety valve provision (§ 5C1.2); 3 levels for acceptance of responsibility (§ 3E1.1(a) & (b)) and 4 levels for "fast-track" resolution (§ 5K3.1). The Court found that the adjusted offense level was 23 and the applicable guideline range was 46-57 months.

Applying the amended base offense level provided by Amendment 782, the base offense level is 36. Leaving all other guideline application decisions unaffected and removing departures and variances results in a reduction of 10 levels: 3 levels based upon mitigating role (§ 2D1.1(a)(5)); 2 levels for minor role (§ 3B1.2(b)); 2 levels under the safety valve provision (§ 5C1.2); and 3 levels for acceptance of responsibility (§ 3E1.1(a) & (b)). The adjusted offense level is 26, the Criminal History Category is I and the applicable guideline range is 63-78 months. In the instant case, Defendant received a below-guideline sentence based on "fast-track," not substantial assistance to the government. To obtain relief under § 3582(c), the guideline amendments at issue must "lower[]" a defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in [a] defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range"). Here, they do not. Defendant's amended guideline range is 63 to 78 months and he received a below-guideline sentence of 46 months. Since the lower limits of the

amended guideline range is higher than the original sentence, Defendant is ineligible for modification of his sentence.

Accordingly, the Court **DENIES** Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).

Dated:  October 15, 2015

Hon. Gonzalo P. Curiel
United States District Judge